STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. AP-01-27
                                                  JLH-PEN-11/8/2001

Market Cafe, Inc.,                )
          Plaintiff               )
                                  )
                                  )
          v.                      )          **ORDER**
                                  )
                                  )
City of Old Town,                 )
          Defendant               )

FILED AND ENTERED
SUPERIOR COURT

NOV 0 8 2001

PENOBSCOT COUNTY

Pending before the court is, among other matters, the defendant's motion to strike. In that motion, the defendant argues that submissions filed on behalf of the plaintiff should be stricken because they were not filed by a licensed attorney. *See* 4 M.R.S.A. § 807.

This action is an appeal pursuant to M.R.Civ.P. 80B from a municipality's decision not to renew the plaintiff's victualer's license.

To address the defendant's motion, it must first be determined if the plaintiff is a corporation. The present record demonstrates that this is the case. The defendant's motion is accompanied by a certification from the Secretary of State attesting to the corporate nature of the plaintiff. Further, the caption of the complaint identifies the plaintiff as "Market Cafe, Inc." The complaint is signed in the following way:

> Market Cafe, Inc.
> Claudia Lowd-Dimoulas
> Clerk

The caption of the complaint identifies corporate entity as the plaintiff. In

1

the complaint, it is alleged that the plaintiff is a restaurant. Therefore, there is no suggestion that the plaintiff is a proprietorship, and the complaint is signed in a way that indicates that the individual signatory is a representative of the corporation, rather than a person signing in her individual capacity. Further, the plaintiff's objection to the motion at bar does not contest the defendant's suggestion that the plaintiff is a corporate entity; indeed, that response appears to confirm that the plaintiff is a corporation. Based on these factors, the court concludes that "Market Cafe, Inc." is in fact a corporate entity. This triggers the provisions of section 807.

Section 807 permits persons other than licensed attorneys to represent corporate entities only in limited, well-defined circumstances. The present proceeding does not fall into any of those exceptions to the general prohibition against representation of corporations by non-lawyers. *See* 4 M.R.S.A. §§ 807(3)(C), (J). Consequently, that general prohibition created in section 807(1) applies here. Because Claudia Lowd-Dimoulas is not permitted or authorized to sign or file pleadings and other legal submissions in this case on behalf of the corporation, the complaint and those other submissions must be stricken. *See Haynes v. Jackson*, 2000 ME 11, ¶ 15, 744 A.2d 1050, 1054.

The entry shall be:

For the foregoing reasons, the defendant's motion to strike is granted. The complaint is dismissed without prejudice.

Dated: November 6, 2001 _____
Justice, Maine Superior Court

2

Action __80B APPEAL_____ COUNTERCLAIM

ASSIGNED TO JUSTICE JEFFREY L. HJELM

MARKET CAFE INC.     vs.     CITY OF OLD TOWN

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MARKET CAFE INC.<br>CLAUDIA LOWD-DIMOULAS, CLERK<br>P O BOX 252 - 827 Stillwater Avenue<br>STILLWATER, ME 04489 | Robert E. Miller, Esq.<br>P O Box 414<br>Old Town ME 04468-0414 |

| Date of Entry | |
|---|---|
| 8/7/01 | Complaint Pursuant to M.R. Civ. P. 80B filed. |
| 8/7/01 | Motion for Stay and Accompanying Memorandum Pursuant to Rule 80B(b) filed by Plaintiff. |
| 8/9/01 | Notice and Briefing Schedule - 80B Appeal of Governmental Actions - form forwarded to Claudia Lowd-Dimoulas, Plaintiff and to City of Old Town. |
| 8/20/01 | Entry of Apperance by Robert E. Miller, Esq. on behalf of Defendant City of Old Town filed. Copy of Briefing Notice forwarded to Robert Miller, Esq. |
| 8/30/01 | Defendant's Affirmative Defenses, Answer and Counterclaim filed. |
| 8/30/01 | Defendant's Objection to Plaintiff's Motion for a Stay filed. |
| 8/30/01 | Affidavit of Patricia Ramsey (Attachment A) filed by Defendant. (Exhibits A, B, B-1, B-2, B-3, C, D, E & F attached) |
| 9/7/2001 | File presented to Justice Hjelm for review. |
| 9/13/01 | Plaintiff's Brief pursuant to Rule 80B filed. Exhibit A - D attached. |
| 9/13/01 | Answer of Counterclaim Defendants filed. |
| 9/14/01 | File returned by Justice Hjelm, order issued. |
| 9/14/01 | Order filed. Pending before the court is the plaintiff/appellant's motion to stay, filed pursuant to MRCivP 80B(b). The defendant has objected to a stay. The court has considered the parties' submissions on the motion. The defendant's opposition to the plaintiff's motion includes a sworn statement that the plaintiff has engaged in various acts of self-help. In light of this suggestion and of the nature of the alleged violations, the court denies the motion to stay the defendant's denial or revocation of the victualer's license and license renewal. (Hjelm, J.) Copy forwarded to Plaintiff, Pro Se and to Defendant's counsel. |